

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT

JACK DUBBS, Individually, and JACK DUBBS
as Father and Next Friend of TIFFANI DUBBS,
a minor; FRANCISCO AGUIRRE, Individually
and FRANCISCO AGUIRRE as Father and
Next Friend of JESSICA AGUIRRE, a minor;
JOY BROWN, Individually, and JOY BROWN
as Mother and Next Friend of MARII BROWN,
a minor; KEENYA COWANS, Individually, and
KEENYA COWANS as Mother and Next Friend
of KEYMIYA COWANS, a minor; SHANIKA
CROWLEY, Individually, and SHANIKA
CROWLEY as Mother and Next Friend of
KWANITA M. CROWLEY, a minor; LISA ANN
DEERINWATER, Individually, and LISA ANN
DEERINWATER as Mother and Next Friend of
MARIA DEERINWATER, a minor; RAICHELLE
LOFTIN, Individually and RAICHELLE LOFTIN
as Mother and Next Friend of QUENTEN
LOFTIN, a minor; STEPHANIE PEARSON,
Individually, and STEPHANIE PEARSON as
Mother and Next Friend of KRISTEN PEARSON,
a minor; ELISHA PORTERFIELD, Individually,
and ELISHA PORTERFIELD as Mother and
Next Friend of LaQUANTE PORTERFIELD,
a minor; DAPHINE SUDDARTH, Individually,
and DAPHINE SUDDARTH as Mother and
Next Friend of RONISHA SUDDARTH, a minor.

Plaintiffs.

vs.

HEAD START, INC., an Oklahoma Corporation;
INDEPENDENT SCHOOL DISTRICT NO. 1 OF
TULSA COUNTY, OKLAHOMA;
COMMUNITY ACTION PROJECT OF TULSA
COUNTY, OKLAHOMA, an Oklahoma
Not-For-Profit Corporation; TULSA CITY-
COUNTY HEALTH DEPARTMENT; KD
ENTERPRISES, INC., an Oklahoma Corporation;
DOE GOVERNMENT AGENTS 1
through 5; JACKIE STRAYHORN, ARNP;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**F I L E D**

AUG 31 1999

Phil Lombardi, Clerk
U.S. DISTRICT COURT

**99CV0732B (E)**

No.

**JURY TRIAL DEMANDED**

fees
forms
CIS

K. BAKER, RN; PEGGY DOE; JOHN        )
DOES 1 through 10; JANE DOES 1 through 10   )
                                     )
            Defendants.              )
                                     )

## COMPLAINT

## JURY TRIAL DEMANDED

COME NOW the Plaintiffs and for their Complaint allege and state as follows:

## I.

## INTRODUCTION

1.      This is an action based on unreasonable search and seizure, violation of right to privacy, violation of parental liberty, violation of free exercise and due process rights, negligence, gross negligence, medical malpractice, assault, battery, intentional infliction of emotional distress, and injunction.

2.      This is a tort action by parents of children to redress harm caused by the Defendants' compulsory physical examination, in using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and conduct blood analysis of minor Plaintiffs who were three, four and five year old children, without obtaining the informed written consent of the children or their parents.

3.      Said compulsory physical examination also included taking the minor Plaintiffs and without consent, stripping them of their outer clothing and underclothes and proceeding to conduct a genital examination of each child.

4.      Said examinations were performed over the explicit objections of the children and after the children expressed fear and demanded the presence of their parents.

5.      The Defendants acted under color of state law and pursuant to official policy, custom and practice, and continue to this day to cloak themselves in a claim of authority.

6.      The conduct alleged in Paragraphs 2 through 4 above, hereinafter referred to as "such conduct" as well as the ratification of such conduct violated Plaintiffs' rights to privacy under the rights, privileges and immunities secured to the Plaintiffs by U.S. Const., Art. IV §2,

C1.1 and U.S. Const., Amend. I, IV, IX and XIV and the Civil Rights Act of 1871, 42 U.S.C. §1983, in addition to the rights more specifically enumerated below.

7.     Such conduct violated Plaintiffs' rights to free exercise and parental liberty under the rights, privileges and immunities secured to the Plaintiffs by U.S. Const., Art. IV §2, C1.1 and U.S. Const., Amend. I, and XIV and protected by the Civil Rights Act of 1871, 42 U.S.C. §1983.

8.     Such examinations and ensuing conduct by Defendants were a continuing, wide spread, persistent, pattern and practice of unconstitutional conduct.

9.     Such conduct shocks the conscience and indicates a reckless, deliberate and callous indifference to the rights of the Plaintiffs.

10.    Such conduct maliciously deprived the Plaintiffs of their constitutional rights.

11.    Such conduct maliciously violated the Plaintiffs' constitutional rights.

12.    Such conduct indicates a callous, reckless indifference of the Plaintiffs' federally protected rights.

13.    This conduct caused the families severe hardship and emotional distress.

14.    Plaintiffs seek compensatory, punitive and exemplary damages, and an injunction ordering the Defendants to cease said physical examinations of children without first obtaining written informed consent from the parents of the minors.  Defendants have ratified their conduct and the danger of their repeating their conduct on other young victims is real and immediate without the Court's injunction.

15.    Plaintiffs assert these claims against the Defendants, jointly and severally, for their invasive actions which have resulted in the Plaintiffs being deprived of their time-honored fundamental constitutional and statutory rights to due process, privacy and parental liberties.

16.    Defendants acted in bad faith and violated clearly established law, and are not immune to liability and legal action where Defendants' conduct indicates reckless and deliberate indifference to the minor Plaintiffs' federally protected rights.  Defendants have no immunity to a suit based on the Defendants' failure in their constitutionally based duty to protect the minor Plaintiffs from intrusion into their bodily integrity.  Such actions on the part of the Defendants

maliciously deprived the minor Plaintiffs of their constitutional rights, and exhibit a callous and reckless indifference to the federally protected rights of the minor Plaintiffs.

17. The Plaintiffs also seek attorney fees and costs under 42 U.S.C. §1988.

## II.

## JURISDICTION

18. This action arises under the rights, privileges and immunities secured to the Plaintiffs by U.S. Const., Art. IV §3, C1.1 and U.S. Const., Amend. I, IV, IX and XIV and the Civil Rights Act of 1871, 42 U.S.C. §1983.

19. Plaintiffs seek injunctive relief pursuant to Fed. R. Civ. P. 65.

20. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(3).

21. This claim arose in this jurisdictional district and venue is proper under 28 U.S.C. §1391(b).

22. The Court also has jurisdiction over ancillary and pendent state law tort claims.

23. Defendant, Head Start, Inc., was notified pursuant to the Governmental Tort Claims Act of the claims of the Plaintiffs on April 6, 1999. There has been no admission nor denial of the claims and more than 90 days have past since Defendant was notified. Plaintiffs make no admission anywhere in these pleadings as to the coverage or applicability of said Act to this lawsuit.

24. Defendant, Tulsa Independent School District No. 1 of Tulsa County, Oklahoma, was notified pursuant to the Governmental Tort Claims Act of the claims of the Plaintiffs on February 17, 1999. There has been no admission nor denial of the claims and more than 90 days have past since Defendant was notified.

25. Defendant, Community Action Project of Tulsa County, was notified pursuant to the Governmental Tort Claims Act of the claims of the Plaintiffs on February 17, 1999. Defendant, Community Action Project of Tulsa County, denied the claims of the Plaintiffs on March 31, 1999.

26.     Defendant, Tulsa City-County Health Department, was notified pursuant to the Governmental Tort Claims Act of the claims of the Plaintiffs on February 17, 1999.  There has been no admission nor denial of the claims and more than 90 days have past since Defendant was notified.

## III.

## PARTIES

27.     Plaintiff, Tiffani Dubbs, is a minor female child now age four, who resides with her father, Plaintiff, Jack Dubbs.  Plaintiff, Jessica Aguirre, is a minor female child now age six, who resides with her father, Plaintiff, Francisco Aguirre.  Plaintiff, Marii Brown, is a minor female child now age five, who resides with her mother, Plaintiff, Joy Brown.  Plaintiff, Keymiya Cowans, is a minor female child, now age five, who resides with her mother, Plaintiff, Keenya Cowans.  Plaintiff, Kwanita M. Crowley, is a minor female child, now age five, who resides with her mother, Plaintiff, Shanika Crowley.  Plaintiff, Maria Deerinwater, is a minor female child, now age five, who resides with her mother, Plaintiff, Lisa Ann Deerinwater.  Plaintiff, Quenten Loftin, is a minor male child, now age five, who resides with his mother, Plaintiff, Raichelle Loftin.  Plaintiff, Kristen Pearson, is a minor female child, now age five, who resides with her mother, Plaintiff, Stephanie Pearson.  Plaintiff, LaQuante Porterfield, is a minor male child, now age five, who resides with his mother, Plaintiff, Elisha Porterfield.  Plaintiff, Ronisha Suddarth, is a minor female child, now age four, who resides with her mother, Plaintiff, Daphine Suddarth.

28.     Plaintiffs were students enrolled in the Head Start program at Roosevelt Elementary School in Tulsa, Oklahoma.

29.     Defendant, Head Start, Inc., is incorporated in the State of Oklahoma and is doing business in the City of Tulsa, County of Tulsa, State of Oklahoma.

30.     Defendant, Independent School District No. 1 of Tulsa County, Oklahoma, is a local body corporate and politically organized and existing under the laws of the State of Oklahoma with a principal place of business in Tulsa County, Oklahoma, and with the power pursuant to statute, to sue and be sued.

5

31.     Defendant, Independent School District No. 1 of Tulsa County, Oklahoma is governed by the Tulsa Area School District Board of Education.

32.     Independent School District No. 1 of Tulsa County, Oklahoma is the governing entity having authority over Roosevelt Elementary School, who had authority over the minor Plaintiffs on or about November 5, 1998 and at other times.

33.     Defendant, Community Action Project of Tulsa County, is an Oklahoma not-for-profit corporation and is the entity which was overseeing Head Start in Tulsa County, Oklahoma at all times relevant to this suit.

34.     Defendant, Tulsa City-County Health Department, is a governmental agency doing business in the City of Tulsa, County of Tulsa, State of Oklahoma and supplied support and personnel to perform medical examinations on or about November 5, 1998 and at other times, involving the minor Plaintiffs.

35.     Defendant, KD Enterprises, Inc., is incorporated in the State of Oklahoma and is doing business as a licensed child care provider in the City of Tulsa, County of Tulsa, State of Oklahoma and had authority over the minor Plaintiffs on November 5, 1998 and at other times.

36.     Defendants, Doe Government Agents 1 through 5, do business in the City of Tulsa, County of Tulsa, State of Oklahoma and provided policies and procedures and oversaw the operations of the Defendants on or about November 5, 1998 and at other times.

37.     Defendants named in paragraphs 29 through 36 failed to train or supervise adults and children involved herein and have ratified the misconduct of their agents and employees.

38.     Defendant, Jackie Strayhorn, ARNP, works in the City of Tulsa, County of Tulsa, State of Oklahoma and performed unauthorized medical examinations, used a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs, and performed blood analysis of children on or about November 5, 1998 and at other times.

39.     Defendant, K. Baker, RN, works in the City of Tulsa, County of Tulsa, State of Oklahoma and performed unauthorized medical examinations, used a lance or other medical tool

to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and performed blood analysis of children on or about November 5, 1998 and at other times.

40.      Defendant, Peggy Doe, works in the City of Tulsa, County of Tulsa, State of Oklahoma and performed unauthorized medical examinations, used a lance of other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and performed blood analysis of children on or about November 5, 1999 and at other times.

41.      Defendants, John Does 1 through 10, work in the City of Tulsa, County of Tulsa, State of Oklahoma and performed unauthorized medical examinations, used a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and performed blood analysis of children on or about November 5, 1998 and at other times.

42.      Defendants, Jane Does 1 through 10, work in the City of Tulsa, County of Tulsa, State of Oklahoma, and performed unauthorized medical examinations, used a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and performed blood analysis of children on or about November 5, 1998 and at other times.

## IV.

### FACTS SURROUNDING THE DEFENDANTS'
### VIOLATION OF THE PLAINTIFFS' RIGHTS

43.      At all times relevant hereto, all of the individual Defendants acted under color of state law, custom or usage.

44.      All of the acts alleged to have been done by Defendants were done by Defendants acting directly or through their agents, servants, or representatives, in concert with each other, under color of state law.

45.      Defendants were acting in their individual capacities and official capacities.

46.      On or about November 5, 1998 and at other times, the minor Plaintiffs were present at Roosevelt Elementary School during normal school hours and were under the immediate custody and control of Independent School District No. 1 of Tulsa County, Oklahoma and KD Enterprises, a licensed child care provider.

47.     On or about November 5, 1998 and at other times, personnel from Head Start, Inc. and/or the Tulsa City-County Health Department, were present to physically examine the minor Plaintiffs.

48.     On or about November 5, 1998 and at other times, Defendants, Jackie Strayhorn, ARNP, K. Baker, RN, Peggy Doe, John Does 1 through 10 and Jane Does 1 through 10, without informed written parental consent, used a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs.

49.     Blood samples taken from the minor Plaintiff children were subjected to medical analysis.

50.     Defendants, Jackie Strayhorn, ARNP, K. Baker, RN, John Does 1 through 10 and Jane Does 1 through 10, then took the minor children Plaintiffs and without consent, stripped them of their outer clothing and underclothes and proceeded to give each child a physical examination.

51.     Said examinations of the minor Plaintiffs greatly exceeded that of a "normal physical examination" given to minor children in similar circumstances and do not conform to then-current recognized standards.

52.     Without using hygienic gloves, Defendants, Jackie Strayhorn, ARNP, K. Baker, RN, Peggy Doe, John Does 1 through 10 and Jane Does 1 through 10, examined the male Plaintiff children by the unauthorized touching of the male genitals purportedly to ascertain if both testicles had descended to a normal degree in a male child between the ages of three and five years old, purportedly to ascertain any health problems related to the size and location of the meatal opening, and purportedly to see if there were any signs of sexual abuse or venereal disease. Plaintiffs do not yet know the full extent of the medical examinations.

53.     Without using hygienic gloves, Defendants, Jackie Strayhorn, ARNP, K. Baker, RN, Peggy Doe, John Does 1 through 10 and Jane Does 1 through 10, examined the female minor Plaintiff children by applying pressure with their fingers against the major labia purportedly for an

internal view of the female genitalia to ascertain if there were any signs of sexual abuse or venereal disease. Plaintiffs do not yet know the full extent of the medical examinations.

54. The Plaintiff children protested verbally and resisted physically. When the minor Plaintiff children asked if they could have their mothers or teachers present, their request was denied by medical personnel.

55. The minor Plaintiffs were given medical examinations without informed written parental consent.

56. Defendants knew or should have known that the minor Plaintiffs were examined without parental consultation or written informed parental consent.

57. The minor Plaintiffs were coerced into attending and participating in this "physical examination".

58. Defendants allowed and authorized medical personnel to come into Roosevelt Elementary School and examine the minor Plaintiffs without written informed parental consent.

59. The minor Plaintiffs could not give informed consent because they lacked the capacity to reason and make judgments by reason of their age and immaturity.

60. Alternatively, even if the minor Plaintiffs could give informed consent, they explicitly denied said consent and attempted refusal of said examination by repeatedly telling the medical personnel of their objection.

61. The minor Plaintiffs could not give informed consent because the decisions, if any, to engage in the examinations described herein, were not made voluntarily and without coercion.

62. None of the Plaintiffs could give informed consent because they were never given a clear understanding of the risks and benefits of the proposed examination, alternatives or non-treatment, along with a full understanding of the nature of the proposed examination.

63. As a direct and proximate result of the above described conduct, all Plaintiffs have suffered the deprivation of precious rights, privileges and immunities under the United States and Oklahoma Constitutions, to their great detriment and loss.

64.     That, as a direct result and proximate result of Defendants' actions and omissions, Plaintiffs suffered severe and grievous injuries and damages resulting in a disruption of the Plaintiff's lives, and which include and are not limited to:

      a.    Embarrassment, humiliation, mental anguish and psychological and emotional distress;

      b.    Severe and continuing feelings of fear, anger and guilt;

      c.    Severe and continuing feelings of lack of self worth and inadequacy;

      d.    Extreme emotional suffering;

      e.    Actual monetary damages; and

      f.    Other damages which are only now being discovered.

## V.

## CAUSES OF ACTION

### COUNT I

### UNREASONABLE SEARCH AND SEIZURES
### UNDER THE 4TH AND 14TH AMENDMENTS

65.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-64 inclusive of this Complaint as if set forth at length herein and do further allege as follows:

66.     Defendants' actions regarding genital examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs, and conducting blood analysis of three, four and five year old students without full and written informed consent of parents and students is without support and is unreasonable.

67.     Said conduct violates Plaintiff students' rights under the Fourth Amendment to the United States Constitution against unreasonable searches and seizures.

68.     Genital examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs, and conducting blood analysis of Plaintiff students against their will and without full and written informed consent by Plaintiff parents and

students violates Plaintiff students' expectation of privacy and security in their persons, as protected by the Fourth Amendment to the United States Constitution.

69.     Defendants' actions deprive Plaintiffs, under color of law, of their rights secured by the U.S. Const., Art. IV §2, C1.1 and U.S. Const., Amend. IV and XIV and the Civil Rights Act of 1871, 42 U.S.C. §1983.

## COUNT II

### UNREASONABLE SEARCH AND SEIZURE UNDER
### ARTICLE 2, §30 OF THE CONSTITUTION OF OKLAHOMA

70.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-69 inclusive as if fully set forth at length herein and do further allege as follows:

71.     Defendants' actions regarding genital examination, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and conducting blood analysis of three, four and five year old students without full and written informed consent of parents and students is without support and is unreasonable.

72.     Said actions violate Plaintiff students' rights under Article 2 §30 of the Constitution of Oklahoma against unreasonable searches and seizures.

73.     Defendants' actions violate Plaintiff children's rights under Article 2 §30 of the Constitution of Oklahoma against unreasonable searches and seizures.

74.     Genital examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and conducting blood analysis of Plaintiff students against their will and without full and written informed consent by Plaintiff parents and Plaintiff children violates Plaintiff children's expectation of privacy and security in their persons, as protected by Article 2 §30 of the Constitution of Oklahoma.

75.     Defendants' actions deprive Plaintiffs, under color of law, of their rights secured by Article 2 §2 of the Constitution of Oklahoma.

COUNT III

"SUBSTANTIVE DUE PROCESS" -- CONSTITUTIONAL RIGHT TO PRIVACY

76.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-75 inclusive as if the same were fully set forth at length herein, and do further allege as follows:

77.     The actions of Defendants, acting under color of state and local law, custom and usage, and in their individual and official capacity, deprived Plaintiffs of their rights, privileges, immunities under the laws and Constitution of the United States, and in particular, of their fundamental due process rights and rights to privacy, including the Plaintiffs' constitutional parental and familial rights, as follows:

78.     The Defendants violated the Plaintiffs' right to privacy under U.S. Const., Art. IV §2, C1.1 and the U.S. Const., Art. I, U.S. Const., Amend. IV, U.S. Const. Amend. IX, and U.S. Const., Amend. XIV, by intruding into the zones of privacy protecting medical decisions related to reproduction, one's own body integrity and the right to refuse medical treatment.  This intrusion was not remediable by subsequent due process.

79.     The Defendants have violated the parent Plaintiffs' and minor Plaintiffs' rights to refuse unwanted medical examination in violation of the due process clause of the U.S. Const., Amend. XIV.

80.     The Defendants have violated the parent Plaintiffs' and minor Plaintiffs' rights to independent control of one's own genital and medical treatment in violation of the due process clause of the U.S. Const., Amend. XIV.

81.     The Defendants have violated the Plaintiffs' rights by failing to obtain a knowing, intelligent and conscious waiver of the above described constitutional rights in violation of U.S. Const., Amend. XIV.

82.     By these actions, Defendants have jointly and severally deprived Plaintiffs of their rights under U.S. Const., Art. IV, §2, C1.1 and U.S. Const., Amend. I, IV, IX and XIV, in violation of 42 U.S.C. §§1983 and 1988, rendering them, and each of them, jointly and severally liable to the Plaintiffs.

## COUNT IV

### PARENTAL LIBERTY VIOLATION
### UNDER THE UNITED STATES CONSTITUTION

83.    Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-82 inclusive as if fully set forth at length herein, and do further allege as follows:

84.    Defendants' actions in conducting genital examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs, and conducting blood analysis of three, four and five year old students under circumstances where modesty was not maintained and where parental notification and written informed consent was not given and obtained but was instead a violation of their constitutionally protected liberty.

85.    The Defendant's conduct described herein has interfered with the Plaintiff parents' parental liberty to direct the education of their children in violation of U.S. Const., Amend. I, U.S. Const., Amend., XIV, 42 U.S.C. §1983 and 42 U.S.C. §1343 (3) and (4).

86.    The Defendants have violated the Plaintiff parents' right to control the care, custody, nurture and education of their children as protected by the due process clause of the U.S. Const., Amend. XIV and the Oklahoma Constitution Articles 1 §§ 1 and 2.

87.    By these actions, Defendants have jointly and severally deprived Plaintiffs of their rights under U.S. Const., Art., IV §2, C1.1 and U.S. Const., Amend. I, IX and XIV, in violation of 42 U.S.C. §§1983 and 1988, rendering them, and each of them, jointly and severally liable to the Plaintiffs.

## COUNT V

### VIOLATION OF PARENTAL LIBERTY AND RIGHTS
### UNDER THE OKLAHOMA CONSTITUTION

88.    Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-87 as if fully set forth at length herein, and do further allege as follows:

89.    Defendants' actions violated Plaintiff parents' parental rights by conducting genital examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw

blood from the minor Plaintiffs, and conducting blood analysis of three, four and five year old students under circumstances where modesty was not maintained in violation of the Plaintiff parents' parental rights and where parental notification and written informed consent was not given and obtained but was instead obstructed.

90.     The Defendants have violated the Plaintiff parents' right to control the care, custody, nurture and education of their children as protected by the due process clause of Article 2 §2 of the Constitution of Oklahoma.

91.     By these actions, Defendants have jointly and severally deprived Plaintiffs of their rights under Article 1 §§1 and 2 and Article 2 §§2 and 30 of the Constitution of Oklahoma, rendering them, and each of them, jointly and severally liable to the Plaintiffs.

COUNT VI

ASSAULT

92.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-91 inclusive as if set forth at length herein and do further allege as follows:

93.     The conduct of the Defendants, in putting the minor Plaintiffs in reasonable apprehension of an immediate battery, which succeeded in causing apprehension of such battery, constitutes an assault upon the minor Plaintiffs for which Defendants remain liable.

COUNT VII

BATTERY

94.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-93 inclusive, as if set forth at length herein and do further allege as follows:

95.     The conduct of the Defendants, in making direct contact with the genitals of the minor Plaintiffs, is offensive to a reasonable sense of personal dignity and was carried out with the intention of inflicting offensive contact upon the minor Plaintiffs' person, which contact was not privileged.  The conduct of Defendants, in using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs, which contact was not privileged,

14

rendering the Defendants liable for both compensatory and punitive damages as well as interest and costs of suit.

## COUNT VIII

### INVASION OF PRIVACY

96.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-95 inclusive, as if the same were set forth at length herein and do further allege as follows:

97.     The conduct of Defendants in physically and intentionally intruding upon the person and upon the privacy of the minor Plaintiffs by conducting an unauthorized and unreasonable search constitutes an invasion of the right of privacy, for which the Defendants are liable for both compensatory and punitive damages as well as costs and interest as allowed by law.

## COUNT IX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

98.     Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-97 inclusive as if the same were set forth at length herein and do further allege as follows:

99.     The actions of Defendants in carrying out and conducting unauthorized and unconsented to physical examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs, and conducting blood analysis of the minor Plaintiffs contrary to their will and without their consent constitutes extreme and outrageous conduct which intentionally and/or recklessly caused severe emotional distress to the minor Plaintiffs, for which the Defendants are liable for both compensatory and punitive damages as well as interest and all costs of suit.

## COUNT X

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

100.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-99 inclusive as if the same were set forth at length herein and do further allege as follows:

101.    The actions of Defendants in carrying out and conducting unauthorized and unconsented to physical examinations, using a lance or other medical tool to pierce the skin of the

minor Plaintiffs to draw blood from the minor Plaintiffs, and conducting blood analysis of the minor Plaintiffs contrary to their will and without their consent constitutes extreme and outrageous conduct which negligently caused severe emotional distress to the minor Plaintiffs, for which the Defendants are liable for both compensatory and punitive damages as well as interest and all costs of suit.

## COUNT XI

### ALL PLAINTIFFS v. JACKIE STRAYHORN, ARNP, K. BAKER RN, PEGGY DOE, JOHN DOES 1 THROUGH 10 and JANE DOES 1 THROUGH 10
### NEGLIGENCE AND GROSS NEGLIGENCE

102.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-101 inclusive as if the same were set forth at length herein and do further allege in the alternative as follows:

103.    The conduct of the Defendants, Defendants, Jackie Strayhorn, ARNP and K. Baker, RN, Peggy Doe, John Does 1 through 10 and Jane Does 1 through 10, constitutes negligence and gross negligence for which they are liable for compensatory and punitive damages as well as interests and all costs of suit.  Absent negligence and gross negligence of Defendants, injury to the Plaintiffs would not have occurred.

## COUNT XII

### ALL PLAINTIFFS v. HEAD START, INC., TULSA INDEPENDENT SCHOOL DISTRICT OF NO. 1 OF TULSA COUNTY, OKLAHOMA, COMMUNITY ACTION PROJECT OF TULSA COUNTY, OKLAHOMA, TULSA CITY-COUNTY HEALTH DEPARTMENT and KD ENTERPRISES, INC.
### NEGLIGENCE AND GROSS NEGLIGENCE

104.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-103 inclusive as if the same were set forth at length herein and do further allege as follows:

105.    Head Start, Inc., Tulsa Independent School District No. 1 of Tulsa County, Oklahoma, Community Action Project of Tulsa County, Oklahoma, Tulsa City-County Health Department and KD Enterprises, Inc. negligently allowed unconsented to physical examinations and allowed a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood

from the minor Plaintiffs and blood analysis to take place, and negligently failed to train and/or supervise their agents or employees, which constitute negligence and gross negligence for which they are liable for compensable and punitive damages as well as interests and all costs of suit. Absent negligence and gross negligence of Defendants, injury to the Plaintiffs would not have occurred. Acts, if any, outside the scope of employment of government employees herein were made possible by negligence of the other Defendants, were not stopped or reported as abuse to the proper authorities, by the other Defendants, and have been ratified by the other Defendants.

## COUNT XIII

### MEDICAL MALPRACTICE

106.    Plaintiffs incorporate herein by reference all allegations contained in paragraphs 1-105 inclusive as if the same were set forth at length herein and do further allege as follows:

107.    The actions of those Defendants conducting and supervising physical examinations and in using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood from the minor Plaintiffs and performing blood analysis on the minor Plaintiffs constitute medical malpractice under Title 76 O.S. §21.

## COUNT XIV

### CONSPIRACY TO DEPRIVE PERSONS OF
### EQUAL PROTECTION OF THE LAWS
### (42 U.S.C. §§1985 AND 1986)

108.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-107 inclusive as if the same were set forth at length herein and do further allege as follows:

109.    Defendants, Head Start, Inc., Community Action Project of Tulsa County, Oklahoma, Independent School District No. 1 of Tulsa County, Oklahoma, and KD Enterprises, Inc., conspired with each other and medical entities and medical personnel including Defendants, Tulsa City- County Health Department, Rosemary Liguori, ARNP PhD CPNP, Sharon Westbrook, Susan Walker, LPN, and Gus Doe, OUFHPS, and perhaps with others currently

unknown to Plaintiffs, to deprive Plaintiffs of equal protection of the laws and equal privileges and immunities under the laws, as further set forth above.

110.    The conspirators committed acts in furtherance of the conspiracy which included gathering the minor Plaintiff children and performing invasive medical examinations, using a lance or other medical tool to pierce the skin of the minor Plaintiffs to draw blood, and conducting blood analysis, such acts were planned and carried out by Defendants without the written informed consent of the Plaintiffs.

111.    Certain Defendants knew of the examinations and failed to act reasonably to prevent the invasive medical examinations and other such acts as is more fully set forth above.

112.    As a result of the conspiracy, Plaintiffs were injured by Defendants in their persons and property and deprived of having and exercising their rights and privileges as citizens of the United States, as is more fully set forth above.

COUNT XV

INJUNCTION

113.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-112 inclusive as if the same were set forth at length herein and do further allege as follows:

114.    The Defendants' refusal to comply with the United States Constitution, the Oklahoma Constitution and the laws of Oklahoma relating to search and seizure, right to privacy, parental liberty, free exercise and due process is causing and will cause Plaintiffs and similarly situated Oklahoma citizens irreparable injury.  Due to the sprit and intent of 42 U.S.C. §1983, Plaintiffs demand a permanent restraining order pursuant to Fed. Rules C. P. 65(d), to the effect that no medical or invasive physical examination upon minor children without written informed parental consent will be conducted or permitted by Defendants.

COUNT XVI

DERIVATIVE LIABILITY

115.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-114 inclusive as if the same were set forth at length herein and do further allege as follows:

18

116.    Government entity Defendants herein are liable for the actions of their employees or agents due to the negligent failures to train, supervise, or discipline said employees or agents and/or in the alternative, for deliberate misrepresentations and/or in the alternative, for their ratification of acts which violate clearly established law and/or in the alternative, for allowing practices or policies which they reasonably should have known would result in a deprivation of substantial rights.  Non-government entity Defendants are liable for same reasons as well as on the theory of *respondeat superior*.

## VI.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a)     Plaintiffs seek an award of compensatory damages against Head Start, Inc., jointly and severally;

(b)     Plaintiffs seek an award of exemplary and punitive damages against Head Start, Inc., jointly and severally;

(c)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Head Start, Inc.;

(d)     Plaintiffs seek an award of compensatory damages against Independent School District No.1 of Tulsa County, Oklahoma, jointly and severally;

(e)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Independent School District No. 1 of Tulsa County, Oklahoma;

(f)     Plaintiffs seek an award of compensatory damages against Community Action Project of Tulsa County, jointly and severally;

(g)     Plaintiffs seek an award of exemplary and punitive damages against Community Action Project of Tulsa County, jointly and severally;

(h)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Community Action Project of Tulsa County;

(i)     Plaintiffs seek an award of compensatory damages against Tulsa City-County Health Department, jointly and severally;

(j)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Tulsa City-County Health Department;

(k)     Plaintiffs seek an award of compensatory damages against KD Enterprises, Inc., jointly and severally;

(l)     Plaintiffs seek an award of exemplary and punitive damages against KD Enterprises, Inc., jointly and severally;

(m)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from KD Enterprises;

(n)     Plaintiffs seek an award of compensatory damages against Doe Government Agents 1 through 5, jointly and severally;

(o)     Plaintiffs seek an award of exemplary and punitive damages against Doe Government Agents, jointly and severally;

(p)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Doe Government Agents, jointly and severally;

(q)     Plaintiffs seek an award of compensatory damages against Jackie Strayhorn, ARNP, jointly and severally;

(r)     Plaintiffs seek an award of exemplary and punitive damages against Jackie Strayhorn, ARNP, in her individual capacity,  jointly and severally;

(s)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Jackie Strayhorn, ARNP;

(t)     Plaintiffs seek an award of compensatory damages against K. Baker, RN, jointly and severally;

(u)     Plaintiffs seek an award of exemplary and punitive damages against K. Baker, RN, in her individual capacity jointly and severally;

(v)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from K. Baker, RN;

(w)     Plaintiffs seek an award of compensatory damages against Peggy Doe, jointly and severally;

(x)     Plaintiffs seek an award of exemplary and punitive damages against Peggy Doe, in her individual capacity, jointly and severally;

(y)     Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Peggy Doe;

(z)     Plaintiffs seek an award of compensatory damages against John Does 1 through 10, jointly and severally;

(aa)    Plaintiffs seek an award of exemplary and punitive damages against John Does 1 through 10, in their individual capacity, jointly and severally;

(bb)    Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from John Does 1 through 10;

(cc)    Plaintiffs seek an award of compensatory damages against Jane Does 1 through 10, jointly and severally;

(dd)    Plaintiffs seek an award of exemplary and punitive damages against Jane Does 1 through 10, in their individual capacity, jointly and severally;

(ee)    Plaintiffs seek costs and reasonable attorney fees under 42 U.S.C. §1988 from Jane Does 1 through 10;

(ff)    Plaintiffs seek a permanent injunction to enjoin all Defendants from conducting medical or invasive physical examinations upon minors without written informed parental consent.

(gg)    Plaintiffs request such other and further relief against the Defendants as the Court deems just and necessary.

GOREE & GOREE, P.C.
CHRISTOPHER W. GOREE (OBA#16226)
JACK Y. GOREE (OBA #3481)
Southern Oaks Office Park
7335 South Lewis, Suite 306
Tulsa, Oklahoma 74136-6888
(918) 496-3382 Telephone
(918) 496-8275 Facsimile

LEAH FARISH (OBA #10800)
OF COUNSEL
2834 East 26th Place
Tulsa, Oklahoma 74114-4310
(918) 744-4442 Telephone
(918) 744-0529 Facsimile

JOHN W. WHITEHEAD, ESQUIRE
STEVEN H. ADEN, ESQUIRE
JENNIFER R. SCHANS, ESQUIRE
OF COUNSEL
The Rutherford Institute
P.O. Box 7482
1445 East Rio Road
Charlottesville, Virginia 22906-7482


By: _____
    Christopher W. Goree


By: _____
    Jack Y. Goree